# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GT SALES AND MANUFACTURING, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 08-1284-KMH<br>) |
| OPTIMA BUS, LLC, | )<br>) |
| Defendant, | )<br>)<br>) |

## **MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's motion for partial summary judgment (Doc. 27). Defendant also moves for oral argument (Doc. 45) and leave to file a third surreply (Doc. 52). As explained in greater detail below, the motion for summary judgment shall be GRANTED IN PART and DENIED IN PART. Defendant's requests for oral argument and leave to file a third surreply shall be DENIED.

## **Motion For Partial Summary Judgment**

Highly summarized, plaintiff seeks summary judgment for defendant's failure to pay for (1) "inventory" transported by defendant from its closed Kansas plant to a new manufacturing facility in Alabama and (2) certain unpaid invoices for parts and materials

sold to defendant prior to the closing of the Kansas facility.[1] Plaintiff also seeks interest on the unpaid amounts at the rate of 2% per month.

Defendant concedes that three invoices from August and September 2007 are accurate and that defendant has an obligation to pay the amount reflected on the invoices. (Doc. 28, p. 24-25). Accordingly, summary judgment shall be granted against defendant for plaintiff's August 2007 monthly invoice of $32,013.66, the September 2007 monthly invoice of $12,813.11, and a September 12, 2007 invoice of $457.75.

With respect to plaintiff's remaining arguments, the court concludes that there are genuine issues of material fact that preclude the entry of summary judgment. Specifically, material issues of fact exist concerning the following matters: (1) whether defendant or plaintiff terminated the "Central Stores Agreement" pursuant to the terms of the contract; (2) whether waiver or estoppel precludes defendant from objecting to plaintiff's inventory spreadsheets and invoices; (3) whether plaintiff's inventory and certain invoices accurately document the items used by defendant; and (4) the basis for plaintiff's request for interest at the rate of 2% per month.[2] Under the circumstances, plaintiff's request for partial summary

---

[1] A detailed description of the case and background is not warranted because the majority of plaintiff's motion is being denied and the matter is scheduled for a bench trial.

[2] Because of the volume of factual issues remaining for trial, it is not practical to set forth the material issues that are *not* at issue as suggested by Rule 56(d)(1). Counsel are encouraged to utilize stipulations of those material facts that are not at issue for purposes of trial.

judgment on the remaining issues is denied.[3]

**Defendant's Motions For Oral Argument and Leave to File a Third Surreply**

Because the court finds that issues of material fact exist, defendant's motions for oral argument and leave to file a third surreply are MOOT.

**IT IS THEREFORE ORDERED** that plaintiffs' motion for partial summary judgment **(Doc. 27)** is **GRANTED IN PART** and **DENIED IN PART**. Defendant's motions for oral argument **(Doc. 45)** and for leave to file a third surreply **(52)** are **MOOT** and therefore **DENIED.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 2nd day of February 2010.

                                      S/ Karen M. Humphreys
                                      _____
                                      KAREN M. HUMPHREYS
                                      United States Magistrate Judge

---

[3] Defendant's assertions concerning plaintiff's factual allegations present a close question in the context of summary judgment. However, the court is not permitted to weigh the evidence at this stage of the proceedings and defendant has presented just enough evidence to avoid summary judgment.